UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TERESA FOX; and EDWARD ISKRA,<br><br>Plaintiffs,<br><br>v.<br><br>KITSAP COUNTY, a Municipal Corporation of the State of Washington; KEITH BARKOW; DERRICK CRAWLEY; CYNTHIA BAKER; SCOTT P. RIDDELL,<br><br>Defendants. | No. C06-5698 RBL<br><br>ORDER GRANTING<br>MOTION TO COMPEL |

## I. Introduction

This matter is before the Court on Defendants' Motion to Compel Particular Answers and For Sanctions. (Dkt. #40). This is the third Motion to Compel the Defendants have filed in this matter. They are seeking additional sanctions for bringing this motion. Having considered the entirety of the record, the Court hereby GRANTS the Defendants' Motion to Compel. The reasons are set forth below.

## II. Background

On October 11, 2007, the Defendants filed their first motion to compel answers to interrogatories and requests for production. This motion was noted for October 26, 2007. (Dkt. #27). On October 29, 2007, the Plaintiffs filed an untimely response. Plaintiffs' counsel indicated that all discovery requests would be provided by November 5, 2007. (Dkt. #31). Based upon the representations of Plaintiffs' counsel, the Court entered an Order on November 7, 2007, denying Defendants' motion as moot. (Dkt. #33).

On November 30, 2007, Defendants filed a second motion to compel, which was noted for December

21, 2007. (Dkt. #35). The Defendants indicated that they did not receive discovery responses for Plaintiff Teresa Fox. In addition, they did not receive Plaintiff Edward Iskra's discovery responses on disks and tapes, as promised by Plaintiffs' counsel. On December 21, 2007, the Plaintiffs once again filed an untimely response and requested additional time to provide responses for Plaintiff Fox. According to Plaintiffs' counsel, Plaintiff Fox required medical assistance for emotional stress and could not answer the discovery responses. (Dkt. #37). The response did not address the disks or tapes for Plaintiff Iskra's discovery responses. *Id*. The Defendants sought an Order compelling production of discovery responses from Plaintiff Fox and dismissal of her claims if she failed to provide discovery. They also asked for sanctions in the amount of $100.00. Finally, they asked for production of the disks and tapes from Plaintiff Iskra but not dismissal of his claims.

On January 3, 2008, the Court entered an Order granting the Defendants' Second Motion to Compel. (Dkt. #39). In the Order, the Court indicated that Plaintiff Fox shall provide complete answers to interrogatories and requests for production on or before January 11, 2008. In addition, the Court sanctioned Plaintiff Fox $100.00. The Court warned Plaintiff Fox that failure to abide by this Order would result in further sanctions up to and including the dismissal of her claims with prejudice. The Court ordered Plaintiff Iskra to provide the disks and tapes to Defendants by January 11, 2008.

Defendants received answers from Plaintiff Fox on January 11, 2008; however, she provided incomplete answers to Defendants' interrogatories 15 through 22.[1] In addition, Plaintiff Fox provided incomplete responses to Defendants' requests for production numbers 17 through 25. According to the Defendants, Plaintiff Fox simply "dump-trucked" hundreds of pages of documents on Defendants with the expectation that the Defendants will sift through them and try to decipher which documents pertain to the discovery requests. *Motion to Compel*, p. 2 (Dkt. #40). The Plaintiff simply wrote on every response, "[s]ee attached and also documents previously forwarded in December 2006." Exh. B. to *Declaration of Gavery* (Dkt. #41).

When the Defendant called Plaintiffs' counsel, Plaintiffs' counsel admitted this method of responding to the interrogatories was inappropriate. *See id.*, p. 1 (Dkt. #41). He also indicated that he would begin

---

[1] As mentioned below, *infra* p. 3, on February 7, 2008, Plaintiffs' counsel sent an email with "amended interrogatories" regarding Plaintiff Fox's claim. Plaintiff's counsel stated that the additional timeline serves as answers to interrogatories 15 through 23. Plaintiffs' counsel is mistaken because Plaintiff Fox provided an answer to interrogatory number 23.

ORDER GRANTING MOTION TO COMPEL
Page - 2

working on completing the answers immediately. *Id*. The following week, Defendants' counsel contacted Plaintiffs' counsel to check on the status of the answers. *Id*., p. 2. Plaintiffs' counsel did not return his call. *Id*. The following day, Defendants' counsel contacted Plaintiffs' counsel, left a message, and once again received no response. On January 31, 2008, Defendants' counsel sent a letter to Plaintiffs' counsel indicating that he would be filing this motion. *Id*.

The Defendants noted their third motion to compel for February 15, 2008. (Dkt. #40). The Plaintiff did not file a response. *See* Local Rule CR 7(b)(2) ("If a party fails to file papers in opposition to a motion, such failure may be considered by the court as admission that the motion has merit.") Instead, on February 7, 2008, Plaintiffs' counsel emailed Defendants' counsel and attached Plaintiff Fox's "amended interrogatories." *Defendants' Reply*, p. 1 (Dkt. #43). Attached was a 75-page timeline of events created by Plaintiff Fox. The cover page to the timeline states, "the following acts, statements, and facts respond to Interrogatory Nos. 15 through 23." *Id*.

### III. Discussion

Under Fed. R. Civ. P. 37, this Court has discretion to sanction a party for failure to cooperate with discovery and for disregarding a Court Order. These sanctions may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i-vii). An evasive or incomplete disclosure, answer or response must be treated as a failure to disclose or respond. Fed. R. Civ. P. 37(a)(4).

In this case, Plaintiffs' counsel provides the Defendants with incomplete discovery responses. Instead of providing specific answers or documents to Defendants' interrogatories 15 through 22 and requests for production 17 through 25, Plaintiff Fox simply provides a stack of papers that is not organized and does not

pertain to the discovery requests. A party is generally not permitted to answer an interrogatory by referring to other documents. Fed. R. Civ. P. 33(b)(1); *Equal Rights Center v. Post Properties, Inc.*, 246 F.R.D. 29 (D.D.C. 2007). An exception to this rule exists in the context of business records where a party is permitted to refer to business records when answering an interrogatory. *See* Fed. R. Civ. P. 33(d).

Plaintiff Fox has not provided the Court with an explanation as to why she cannot complete her discovery responses. Furthermore, Plaintiffs' counsel, who admits that the responses provided on January 11, 2008 were inappropriate, has made late and incorrect attempts at resolving this problem. Instead of responding to this motion, he e-mailed Defendants' counsel a 75-page timeline of events. Even though the Court is displeased with Plaintiff Fox for not responding to this Motion, the Defendants do not provide the Court with the 75-page timeline to determine whether Plaintiff Fox has, in fact, sufficiently answered interrogatories 15 through 22.[2] The Court therefore will sanction Plaintiff Fox $100.00 for not filing a response to this Motion, but it will not dismiss Plaintiff Fox's claims.

**A.     Attorney's Fees Are Appropriate**

The Defendants assert that they are entitled to $100.00 in attorney's fees and costs in bringing this motion. *Defendants' Reply*, p. 2 (Dkt. #43). Fed. R. Civ. P. 37(a)(4)(A) states that "the court shall...require the party or deponent whose conduct necessitated the motion...to pay to the moving party the reasonable expenses incurred in making the motion...unless the court finds that...the opposing party's nondisclosure, response, or objection was substantially justified." Plaintiff Fox did not respond to this motion. Instead, Plaintiffs' counsel e-mailed Defendants' counsel after this motion was filed. Based on the Plaintiff Fox's inability to appropriately respond to the Defendants' discovery requests, the Court concludes there is no justification for this behavior. Accordingly, the Court GRANTS Defendants' request for $100.00 in bringing

---

[2]The timeline provided by Plaintiffs' counsel may answer interrogatories 15 through 22. For example, in Interrogatory No. 15, the Defendants ask Plaintiff Fox to "state in detail each and every act or statement that forms the basis for any of your claims against the Defendant in this lawsuit, including the date, location, and description of each act or statement." Exh. B *to Declaration of Gavrey*. (Dkt. #41). Plaintiff Fox's timeline may have provided the Defendants with the answer to this interrogatory, but the Court cannot make a determination because it does not have the evidence. If the Defendants wish to supply the Court with the 75-page timeline, it can make a determination as to whether Plaintiff Fox has sufficiently responded to interrogatories 15 through 22.

ORDER GRANTING MOTION TO COMPEL
Page - 4

1 this motion.

## B. The Court Has Discretion to Dismiss Plaintiff Fox's Claims With Prejudice

This Court has authority to dismiss the Plaintiff Fox's claims with prejudice for failure to comply with the Court's Order. Dismissal with prejudice is proper when a party acts deliberately and willfully. *See, e.g., Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisana Hydrolec*, 854 F.2d 1538 (9th Cir. 1988) (affirming dismissal of a claim with prejudice because defendants' ignored court orders, frustrated plaintiff's attempts at discovery, and complicated proceedings).

In this case, the Court will not dismiss Plaintiff Fox's claims at this point for two reasons. First, the Court will provide Plaintiff Fox more guidance and time to answer the requests for production: Plaintiff Fox must respond to the discovery requests clearly, completely, and with specificity. Although Plaintiffs' counsel provides the Defendants with documents, a stack of disorganized documents is insufficient. This practice does not satisfy Plaintiff Fox's obligation to answer her requests for production. Second, as stated above, *supra* p. 4, the Court will not consider whether Plaintiff Fox has sufficiently answered interrogatories 15 through 22 because the Defendants have not provided the Court with the 75-page timeline. Because the Defendants have not provided this information, the Court will not dismiss her claims at this time.

The Court warns Plaintiff Fox that failure to timely respond to the Defendants' discovery requests will result in the dismissal of her claims with prejudice.

## IV.   Conclusion

Defendants' Third Motion to Compel Discovery and for Sanctions is hereby GRANTED. (Dkt. #40). Defendants' counsel is entitled to $100.00 in attorney's fees for this motion. Plaintiff Teresa Fox shall provide Defendants' counsel with complete, specific answers to the Defendants' requests for production 17 through 25 by **Monday March, 10, 2008**. The Court reiterates that Plaintiff Fox must provide the relevant documents when responding to the Defendants' requests for production. **Failure to provide complete, detailed, and**

**specific discovery responses by that date will result in dismissal of Plaintiff Fox's claims with prejudice.**

IT IS SO ORDERED

DATED this 28th day of February, 2008

/s/ Ronald B. Leighton

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE