UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TERESA FOX; and EDWARD ISKRA,<br><br>Plaintiffs,<br><br>v.<br><br>KITSAP COUNTY, a Municipal Corporation of the State of Washington; KEITH BARKOW; DERRICK CRAWLEY; CYNTHIA BAKER; SCOTT P. RIDDELL,<br><br>Defendants. | No. C06-5698 RBL<br><br>ORDER ON DEFENDANT SCOTT RIDELL'S MOTION FOR SUMMARY JUDGMENT |

## I. INTRODUCTION

This matter comes before the Court on Defendant Scott Riddell's Motion for Summary Judgment (Dkt. # 50). Defendant seeks summary dismissal of all claims brought against him by Plaintiff Teresa Fox and by Plaintiff Edward Iskra. Defendant argues there are no genuine issues of material fact and that the claims of each plaintiff must fail as a matter of law. Having reviewed the parties' submissions, the Court determines that oral argument is not necessary for the disposition of this motion. For the reasons set forth below, the Court hereby **GRANTS** the motion as to Edward Iskra's claims and **DENIES** the motion as to the claims of Teresa Fox.

## II. BACKGROUND

All facts are discussed in the light most favorable to the non-moving party:

Plaintiffs Edward Iskra and Teresa Fox worked for the Kitsap County Fire Marshall's Office ("KC Fire"). Plaintiff Iskra worked for KC Fire as a Deputy Fire Marshall for 13 years. Plaintiff Fox worked as

ORDER
Page - 1

1 an administrative assistant and began employment in December 2000.

2 Both employees worked for KC Fire until 2005. According to Iskra, who resigned on October 10,
3 2005, he was frustrated with the poorly managed department. *Amended Complaint*, p. 5 (Dkt. #17).  In
4 addition, he claimed that despite discussing his concerns with supervisors, no action was being taken to
5 improve work conditions. *Id*.  Ms. Fox also claimed she resigned out of frustration. Like Iskra, she
6 believed that KC Fire was poorly managed. She also claimed that she experienced discriminatory conduct
7 by Defendant Keith Barkow, a fire investigator. *Id*.  She resigned in December 2005.

8 In December 2006, the Plaintiffs filed this lawsuit against Kitsap County as well as several KC Fire
9 employees for violation of their civil rights. The plaintiffs claimed that after this lawsuit was filed, Scott
10 Riddell, an employee of KC Fire, placed several harassing phone calls to the Plaintiffs.[1] *Id*.

11 On February 20, 2007, Plaintiff Fox petitioned for an order for protection-harassment in Kitsap
12 County District Court. The petition was granted the next day. Although there was a hearing in March
13 2007, Riddell did not contest the no contact order.[2]

14 The plaintiffs amended their Complaint in May 2007 to add Mr. Riddell as a defendant in this
15 matter. They do not contend he was involved in any of the events leading up to the plaintiffs' resignations
16 in 2005.

17 **III.    DISCUSSION**

18 **A.    Summary Judgment Standard**

19 Summary judgment is appropriate when, viewing the facts in the light most favorable to the
20 nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a
21 matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the
22 non-moving party fails to present, by affidavits, depositions, answer to interrogatories, or admissions on
23 file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett,* 477 U.S. 317,

24

---

25 [1]The defendants provide a Bremerton Police Department Incident Investigation Report in which Ms.
26 Fox told police that since February 16, 2007, she had been receiving phone calls at her residence. She said that
the call "clicks" a few times and then hangs up, and that nothing is ever said. *Declaration of Gavery*, p. 6
27 (Dkt. #51). Ms. Fox received seven phone calls. *Id*. at p. 8. Plaintiff Iskra provides no evidence that he
received phone calls from Defendant Riddell.

28 [2]Riddell maintains that he accidentally called Fox's phone number when he was installing a device to
block programmed numbers to his residence. *Id*. at p. 16.

ORDER
Page - 2

324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.,* 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the non-moving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy Corp.*, 68 F.3d at 1220.

**B.   Plaintiff Edward Iskra Provides the Court With No Admissible Evidence That He Received Harassing Phone Calls From Defendant Riddell.**

Although Plaintiff Iskra asserts claims against Defendant Riddell, he has provided no evidence that he received harassing phone calls from Defendant Riddell. The Court therefore **GRANTS** Defendant's Motion for Summary Judgment and **DISMISSES** Plaintiff Iskra's claims against Defendant Riddell.

**C.   Issues of Fact Exist as to Teresa Fox's Retaliation Claim.**

Plaintiff Fox is pursuing claims against Defendant Riddell for retaliation. Under federal law, a plaintiff must show (1) that she was involved in a protected activity; (2) she suffered from an adverse employment action; and (3) there is a causal link between the protected activity and the adverse action. *See Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 252-53, 101 S. Ct. 1089, 67 L.Ed.2d 207 (1981); *Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1064 (9th Cir. 2002).

Defendant argues that Plaintiff Fox cannot meet her burden of proof to demonstrate (1) retaliatory intent on the part of the employee or the employer; (2) that the phone calls adversely affected terms and conditions of employment, or (3) that there was a causal link between the protected activity and the adverse action. Although the briefing supplied by the parties on the subject has been less than helpful, the Court is satisfied that genuine issues of material fact prevent the Court from granting defendant's motion.

It is clear that Teresa Fox was engaged in protected activity when she complained about management issues within the Kitsap County Fire Marshall's Office and when she pursued the instant

litigation. It is also clear that she has alleged that she was constructively discharged from her employment and that she has been repeatedly harassed since registering her concerns and claims. There is evidence to support her claim that Riddell initiated "hang up" calls to her home.

As for the causal link between the adverse action and the protected activity, the Court is satisfied that the temporal proximity between the plaintiff's protected activity and the "hang up" phone calls from Defendant Riddell is sufficiently close to meet the relatively light burden of establishing a prima facie case of retaliation. *Pomales v. Celulares Telefonica, Inc.,* 447 F.3d 79, 85 (1st Cir. 2006).

The timing of events in this case is such that a reasonable jury could conclude that Defendant Riddell intentionally directed harassing "hang up" calls to Teresa Fox to intimidate her and to dissuade her from pursuing her claims against Kitsap County and specific employees of the Fire Marshall's Office. A reasonable jury could also conclude that harassing phone calls are more invasive and more serious than mere dirty looks or intimidating comments. Such a showing would support the legal theories Teresa Fox has asserted. Defendant's motion as to Teresa Fox is **DENIED.**

### IV. Conclusion

Based on the foregoing reasons, the Court hereby **GRANTS** Defendant Riddell's Motion for Summary Judgment [Dkt. #50] against Plaintiff Edward Iskra's claims and **DENIES** Defendant Riddell's Motion for Summary Judgment [Dkt. #50] as to the claims of Plaintiff Teresa Fox.

IT IS SO ORDERED

DATED this 27th day of May, 2008

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE