HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TERESA FOX; and EDWARD ISKRA,<br><br>    Plaintiffs,<br><br>    v.<br><br>KITSAP COUNTY, a municipal corporation of the State of Washington; KEITH BARKOW; DERRICK CRAWLEY; CYNTHIA BAKER; and SCOTT P. RIDDELL,<br><br>    Defendants. | Case No. C06-5698RBL<br><br>ORDER |

THIS MATTER comes on before the above-entitled Court upon the Individual Defendants' Motion for Fees and Costs [Dkt. #173]. Having considered the entirety of the records and file herein, the Court finds and rules as follows:

On April 7, 2010, Plaintiffs' counsel Stephen M. Hansen noted two Rule 30(b)(6) depositions to occur on April 19, 2010 at 1:00 p.m. and 2:00 p.m. in the offices of the Kitsap County Prosecuting Attorney. When Mr. Hansen arrived for the depositions shortly before 1:00 p.m. and realized that no court reporter was present, he contacted his office and discovered that due to a clerical mix-up, no court reporter was scheduled. His staff contacted a court reporter who indicated he could be there in approximately 40 minutes, which would have been in time for the 2:00 p.m. deposition. When Mr. Hansen informed counsel for Kitsap County Jacquelyn M. Aufderheide of the delay, Ms. Aufderheide informed Plaintiffs' counsel that she would not agree to the delay because she had a meeting scheduled

immediately after the depositions.  The court reporter who was by then on his way was cancelled, and Mr. Hansen informed both Ms. Aufderheide and counsel for the Individual Defendants, Amanda G. Butler, that he would be in contact with both to reschedule the depositions.  Neither Plaintiffs' attorney nor either defense counsel suggested going forward with the 2:00 p.m. deposition as scheduled.

Ms. Butler now seeks fees in the amount of $715.00 (3.25 hours at $220/hour) and costs in the amount of $70.64 (119 miles at $.56 and $4.00 bridge toll) for attending the cancelled depositions.

The award of fees and costs for the failure to proceed with a deposition is at the discretion of the Court.  See Fed. R. Civ. P. 30(g).  Here, it appears that an honest mistake occurred in scheduling a court reporter, one that could happen to any attorney and one that Plaintiffs' counsel has apologized and taken full responsibility for.  Furthermore, if counsel for the Individual Defendants was so concerned about the cost, she could have insisted that at least the 2:00 p.m. deposition proceed as scheduled as presumably that would not have interfered with counsel for Kitsap County's later meeting.

Sanctions of this (or any other) type often have a corrosive effect on the relationship between counsel.  In this case, where the failure to schedule a court reporter was inadvertent, the imposition of sanctions serve no good purpose.  Therefore, the Individual Defendants' Motion for Fees and Costs [Dkt. #173] is **DENIED.**

**IT IS SO ORDERED.**

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 18th day of June, 2010.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE