HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TERESA FOX and EDWARD ISKRA,<br><br>Plaintiffs,<br><br>v.<br><br>KITSAP COUNTY, KEITH BARKROW, DERRICK CRAWLEY, CYNTHIA BAKER, and SCOTT RIDDELL,<br><br>Defendants. | Case No. C06-5698 RBL<br><br>ORDER ON SUMMARY JUDGMENT<br>[Dkt. #180] |

THIS MATTER is before the court on Plaintiffs' Motion for Partial Summary Judgment [Dkt. #180]. Plaintiffs seek a ruling as a matter of law that their reports of fraud, waste, and abuse by employees of the Kitsap County Fire Marshall's Office ("KCFMO") were made in Plaintiffs' capacities as private citizens, not as a function of their jobs.

Plaintiffs claim that they were constructively discharged from their positions with the KCFMO in retaliation for reporting their co-workers' fraud, waste, and abuse. [Dkt. #17, Amended Complaint]. Plaintiffs assert that it was not their professional duty to report co-workers' misconduct, and thus doing so was outside their scope of KCFMO employment. Plaintiffs argue that because they did not report the misconduct in their capacity as KCFMO employees, but rather as private citizens, the reports were protected speech under the First

Order - 1

Amendment. They argue that being discharged in retaliation for protected speech violated their constitutional rights.

In its earlier order [Dkt. #127], this court granted in part and denied in part Defendants' motions for summary dismissal [Dkt. #s 87,94,97] of all claims by both Plaintiffs. Questions of material fact remained regarding whether it was Plaintiffs' professional duty to report fraud, waste, and abuse. Plaintiffs now provide affidavits, depositions, and KCFMO documents to show that their formal job descriptions did not include reporting such abuses. Plaintiffs seek partial summary judgment [Dkt. #180] establishing that their reports were made in their capacity as private citizens as a matter of law.

Defendants contend that issues of material fact preclude summary judgment. [*See* Dkt. #184, Response]. They argue that formal job descriptions often bear little resemblance to an employee's actual duties. Defendants also argue that Plaintiffs' depositions contradict their declarations that their reports were made as private citizens.

For the reasons that follow, Plaintiffs' Motion for Partial Summary Judgment [Dkt. #180] is DENIED.

**I.    FACTS**

Plaintiff Fox began her employment with the KCFMO as an administrative assistant. Her job initially entailed assisting the fire marshal with computerizing his records and developing policies and procedures for the division. Over time Fox's job evolved as she took on new duties and responsibilities. She was eventually re-classified as a program specialist. During her time with the KCFMO, Fox made complaints and filed formal grievances regarding the fraud, waste, and abuse in her department. Fox reported her co-workers' misuse of time, overtime abuse, incompetent inspections, rude and harassing nature, gender-based discrimination, and the like. She also complained about not getting hired for open positions and about being denied opportunities for training and overtime. Fox resigned in December, 2005.

Plaintiff Iskra was a Deputy Fire Marshall II for the KCFMO. Iskra's position was superior to Fox's and entailed more supervisory responsibilities. He made essentially the same complaints and grievances as Fox. Iskra resigned in October, 2005.

## II.   DISCUSSION

### A.   Summary Judgment Standard

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

### B.   Capacity in which Plaintiffs' Reports were Made

Plaintiffs claim that they reported their co-workers' fraud, waste, and abuses in their capacity as private citizens, not as KCFMO employees. Plaintiffs argue that their job descriptions prove they were not responsible for reporting employees' misconduct. Defendants argue that issues of material fact preclude summary judgment on this issue. They assert that job descriptions are not necessarily accurate illustrations of an employee's actual duties. Defendants also assert that Plaintiffs' depositions and declarations raise questions regarding the scope of Plaintiffs' professional responsibilities.

A public employee bringing a First Amendment retaliation claim must show that he spoke as a private citizen, not as a public employee. *Posey v. Lake Pend Oreille School Dist. No. 84*, 546 F.3d 1121, 1127 (9th Cir. 2008); *Huppert v. City of Pittsburg*, 574 F.3d 696, 704 (9th Cir. 2009). The determination of public versus private speech is a practical, not a formal, inquiry. *Garcetti v. Ceballos*, 547 U.S. 410, 424 (2006). Formal job descriptions often "bear

little resemblance to the duties an employee actually is expected to perform, and the listing of a given task in an employee's written job description is neither necessary nor sufficient to demonstrate that conducting the task is within the scope of the employee's professional duties for First Amendment purposes." *Id.* at 424-25.

In support of her Motion for Summary Judgment, Fox contends that her position was purely administrative. [*See* Dkt. #181, Fox Dec.]. She argues that her job description proves she reported co-workers' misconduct as a private citizen. But in her deposition, Fox admitted that by the time she resigned, her duties well exceeded her job description:

> The position quickly entailed reviewing -- doing permit coordination at first, then it started being reviewing permits, doing database management, the database programming. By the time that I left the actual position, I was actually out in the field conducting inspections, doing plan review, developed the fire code permit program. So the position, you know, it started out as an administrative assistant position and by the time I was finished with it the duties were significantly different.

[Dkt. #185, Aufderheide Dec., at Ex. A, 13:3-12].

The KCFMO Fire Marshall II job description expressly includes providing input regarding hiring, discipline, transfer, and termination of KCFMO employees. [*See* Dkt. #182, Iskra Dec.]. In his deposition, Iskra admitted his job responsibilities entailed reporting employees who were "busy doing things instead of [] work" [Dkt. #185, Aufderheide Dec., at Ex. B, 23:17-20]:

> Q.  You believe that it was part of your job as an employee, a good employee, for Kitsap County to report these things if you became aware of them, correct?
>
> A.  That's correct.
>
> Q.  And so it wasn't stepping outside of your normal job duties to make these kinds of reports, it was part of your normal duties, correct?
>
> A.  As an ethical employee, correct.

*Id.* at 73:24-74:6.

1  In its earlier order on summary judgment [Dkt. #127], this court determined that issues of material fact existed regarding Plaintiffs' professional duty to report fraud, waste, and abuse. Nothing provided by Plaintiffs since that time changes the court's conclusion on this subject. Plaintiffs' Motion for Partial Summary Judgment [Dkt. #180] is therefore DENIED.

**IT IS SO ORDERED.**

Dated this 3rd day of September, 2010.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE